UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER OLIVER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Civil No. 3:06CV01756(AVC) |
| | : |
| BENJAMIN ALBA; and<br>MARVIN KASOWITZ,<br>    Defendants. | :<br>:<br>:<br>: |

## **RULING ON THE DEFENDANT'S MOTION TO DISMISS**

This is an action for damages. It is brought pursuant to 42 U.S.C. § 1983.[1] The plaintiff, Walter Oliver, the pastor of a church, alleges that the defendants, police detectives Benjamin Alma and Marvin Kasowitz, violated rights guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution by unlawfully arresting Oliver for administering corporal punishment to the children of a parishioner.

Alma now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that the plaintiff has failed to state a claim under 42 U.S.C. § 1983.

For the reasons set forth hereinafter, the motion to dismiss (document no. 8) is DENIED.

## **FACTS:**

Examination of the complaint discloses the following

---

[1] Title 42 of the United States Code, section 1983, states: "Every person who, under color of . . . [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law, [or] suit in equity . . . ." 42 U.S.C. § 1983.

allegations.

Oliver is the pastor of the Bible Speaks Ministries, in New Haven, Connecticut. It is a tenet of Oliver's religion that corporal punishment is an appropriate manner in which to discipline children. In 2000, one of Oliver's parishioners asked Oliver to administer corporal punishment to her two sons. He agreed and "struck [each] on the rear with a belt."

When Kasowitz, a police detective, learned of these events, he initiated an investigation. Subsequently, Alma, also a detective, assumed responsibility for the investigation. Alma prepared an arrest warrant charging Oliver with risk of injury to a minor and assault in the second degree. On February 14, 2001, a magistrate signed the warrant, and subsequently, authorities arrested Oliver. On November 10, 2003, a jury acquitted Oliver of all charges.

On November 3, 2006, Oliver filed the complaint in this action, alleging that his arrest "was without probable cause and was inspired by malice in that the defendants did not share, or approve of, [Oliver's] religious beliefs." Further, "[t]he acts and omissions of the defendants were intentional." Additionally, the complaint notes that the "warrant intentionally omitted the fact that in the eyes of many persons with religious beliefs similar to . . . Oliver's[,] the administration of corporal punishment to disobedient children is proper, and an accepted

2

religious practice."

**STANDARD:**

When ruling on a 12(b)(6) motion, the court must presume that all well-pled facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff. Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). The court may consider only those facts "stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). A motion to dismiss pursuant to Federal Rule 12(b)(6) is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69 (2d Cir. 2001).

**DISCUSSION:**

Alma moves to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that the complaint has not alleged those facts necessary to support a section 1983 causes of action. Specifically, Alma characterizes the "sole basis" for the complaint as resting on the contention that he "intentionally omitted language from the arrest warrant regarding the acceptability of the use of corporal punishment by certain religious groups." Because this omission is not

"critical to whether probable cause existed for the issuance of an arrest warrant in this case," Alma argues that the complaint fails to sufficiently allege a constitutional violation. Accordingly, he contends that the court should dismiss this action.

Oliver responds that the complaint alleges sufficient facts to support a section 1983 cause of action against the defendants. Specifically, he argues that he "need only give a short and plain statement of the theory under which he proceeds, . . . [as] there is no heightened pleading requirement for cases arising under 42 U.S.C. § 1983."

The court agrees. "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman, 507 U.S. at 168 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).

Presently, it is unclear of what significance it is that the defendants allegedly failed to include in the warrant information regarding some religious groups' acceptance of corporal

4

punishment as a form of discipline. Nevertheless, the complaint alleges much more than this single omission. Specifically, the complaint alleges that "without probable cause and . . . inspired by malice, . . . the defendants [arrested Oliver because they] did not share, or approve of, [Oliver's] religious beliefs." Further, it alleges that these acts "were intentional." Additionally, it alleges that a prosecution followed, and that Oliver prevailed with respect to all charges. Finally, it alleges that the defendants engaged in this conduct while "acting under color of law."

The court concludes that these allegations are sufficient to state a cause of action under section 1983. See Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002) (describing the elements of malicious prosecution liability under section 1983); Mulligan v. Rioux, 229 Conn. 716, 733 (1994) (describing the elements of malicious prosecution liability under Connecticut law); Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004) (describing the elements of false arrest liability under section 1983); Tanner v. Heise, 879 F.2d 572, 580 (9th Cir. 1989) (discussing religious discrimination liability under section 1983). The complaint, while decidedly concise, nevertheless "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163,

168 (1993) (citation omitted).  Accordingly, the motion to dismiss (document no. 9) is DENIED.

It is so ordered this 26th day of April, 2006 at Hartford, Connecticut.

_____/s/_____
Alfred V. Covello
United States District Judge